UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                          CRIMINAL ACTION

v.                                                NO. 18-0088

GARRETT STEPHENS                                  SECTION "F"


ORDER AND REASONS

Before the Court is Garrett Stephens's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  For the reasons that follow, the motion is DENIED.

**Background**

On May 3, 2018, a grand jury returned a five-count indictment, charging Garret Stephens with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine; distribution of 5 grams or more of methamphetamine; distribution of 50 grams or more of methamphetamine; possessing a firearm during a drug trafficking crime; and being a felon in possession of a firearm. In connection with plea negotiations, almost a year later on April 1, 2019, the government filed a superseding bill of information that charged Stephens with conspiracy to distribute and possess

1

with the intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Two days later, Stephens pled guilty to both charges contained in the superseding bill. When he entered his guilty plea, Stephens acknowledged the accuracy of the facts contained in the Factual Basis, which he signed.

Thereafter, in the Presentence Investigation Report, the U.S. Probation Office indicated that Stephens faced a mandatory minimum sentence of 10 years in prison.  Because of the drug quantities (424.83 grams of meth and 113.4 grams of meth mixture), Stephens's offense level was calculated at 32.[1] Stephens's criminal history category was VI, which is the highest.  The advisory guidelines thus called for 151-188 months for Count 1 and 60 months to run consecutively to any sentence imposed on Count 1.

Counsel for Stephens filed objections to the PSR; specifically, Stephens objected to the drug quantity listed in the PSR and argued that his offense level should be 27, not 29.  U.S. Probation responded that the PSR's estimation of the quality and quantity of the drugs were accurate based on Fifth Circuit case law. On November 13, 2020, during the sentencing hearing, the Court

---

[1] Pursuant to U.S.S.G. § 2D1.1(c)(4), an offense involving at least 3,000 but less than 10,000 kilograms of converted drug weight has a base offense level of 32.

overruled Stephens's objection[2] and sentenced him to a within-guidelines imprisonment term of 211 months, which consisted of 151 months as to Count 1 and 60 months as to Count 2, to be served consecutively. Stephens did not appeal his conviction or sentence.

Asserting four ineffective assistance of counsel claims, Stephens now asks this Court to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

I.

A prisoner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).[3] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."

---

[2] The Court noted that the PSR's rational estimates of the calculation of drug quantity, which included a confidential informant's meetings with Stephens in which the CI observed at one meeting 12 one-ounce bags of meth (with an average weight of 26.5 grams of meth) and another meeting involving another observation by the CI adding to the drug quantity.

[3] Section 2255 identifies only four bases that might support a motion to vacate: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose [the] sentence," (3) "the sentence . . . exce[eds] the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." Id.

United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless it constitutes a "fundamental" error that "renders the entire proceeding irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979). Additionally, conclusory allegations are insufficient to raise a constitutional issue. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

The Court "may entertain and determine [a motion to vacate] without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995) ("[I]f on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary . . . .").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court

finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## II.

### *A.*

First, the government argues that Stephens's motion is conclusory in nature and should therefore be denied. Courts must liberally construe *pro se* habeas petitions. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1994). However, habeas petitions that allege only "conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). To establish a cognizable error, a defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984). Here, Stephens presents four separate grounds of ineffective assistance of counsel. The allegations, while short, include some specific facts that, construed liberally, could establish a cognizable error. The Court thus turns to consider the merits of Stephens's ineffective assistance of counsel claims under the familiar

Strickland standard; a heavy burden obstructing post-conviction relief.

*B.*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

Ineffective assistance of counsel claims are reviewed under Strickland's familiar two-prong standard, which requires the defendant to "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 697.  Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness." Id. at 688.  In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002).  In other words, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

6

The prejudice prong requires the defendant to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.   Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result."   United States v. Wines, 691 F.3d 599, 604 (5th Cir. 2012)(internal citations omitted).   Finally, because the petitioner must make both showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

*C.*

Stephens asserts that his counsel was constitutionally ineffective on the following four grounds: (1) counsel incorrectly advised Stephens that he would only be responsible for 222 grams of meth, while he was actually deemed responsible for 424.83 grams of meth and 110 grams of meth mixture, and counsel incorrectly advised him to say there was nothing incorrect in the factual basis and when counsel did object, he did so at the incorrect time (14 days prior to sentencing); (2) counsel failed to file a motion to suppress evidence; (3) counsel failed to advance an entrapment defense; and (4) counsel coerced Stephens into signing the plea

7

agreement by telling Stephens that "if [he] went to trial [he] would loose and get life in prison."

### 1. *PSR Drug Quantities*

Stephens argues that counsel incorrectly advised him that he would only be deemed responsible for 222 grams of meth, but he was actually held responsible for 424.83 grams of meth and 110 grams of meth mixture. Due to this misunderstanding concerning how much meth Stephens would be responsible for, he argues, Stephens's counsel advised him that his total offense level would be 26 instead of 29.[4] In the context of counsel's performance at sentencing, a defendant can show <u>Strickland's</u> deficiency prong when that counsel fails "to research facts and law and raise meritorious arguments." <u>United States v. Fields</u>, 565 F.3d 290, 296 (5th Cir. 2009).[5] Furthermore, a movant must show with reasonable probability that, but for counsel's deficiencies, he would have received a lower sentence. <u>United States v. Grammas</u>, 376 F.3d 433, 439 (5th Cir. 2004).

Here, Stephens fails to present any evidence, or even allege facts, that support his claim that counsel incorrectly advised him about the drug amounts he would be responsible for and the total

---

[4] The total offense level Stephens's believes he should have had was stated as 26 in his habeas petition. The government incorrectly stated that Stephens's argued for an offense level of 27.
[5] Stephens failed to file a direct appeal of his sentence.

offense level.  Stephens fails to allege any facts that suggest his counsel failed to research facts and law and failed raise any meritorious arguments. Stephens also fails to show that he would have received a lower sentence but for his counsel's alleged deficiencies.  Stephens acknowledged during the plea colloquy and in his plea agreement that any information pertaining to sentencing discussed by his attorney are simply general possibilities, not guarantees; all provided in the context of the Court's admonition during the plea hearing that he could receive the maximum penalties.

As the government points out, Stephens's counsel did object to the to the drug quantity in the PSR as well as the total offense level in advance of the sentencing hearing and maintained the objection during the sentencing hearing. Regardless of whether the objection was technically untimely, the Court considered the objection and overruled the objection on its merits on November 13, 2019. Therefore, Stephens fails to meet his burden to show ineffective assistance of counsel for Ground 1 pertaining to drug quantity.  Even if he had demonstrated defective performance, he fails to show a reasonable probability that, but for his attorney's defective performance, he would have received a lower sentence. United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004).

*2.  Advice During Plea Negotiations*

Grounds 2 and 4 pertain to actions taken by counsel during plea negotiations, so the Court considers them together. In Ground 2, Stephens argues that his attorney forced him to admit in the factual basis that the Confidential Informant observed 12 ounces of meth in a backpack; and he failed to object. In Ground 4, Stephens argues that his counsel coerced him into signing the plea agreement by telling him that (a) if he were to go to trial, he would lose and get life in prison; (b) he would get 10 to 15 years for both charges together; and (c) the offense level would be 26.

In the context of a guilty plea, a petitioner establishes prejudice under Strickland by showing a "reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1965 (2017)(quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Mindful of Strickland's high bar, the Supreme Court has advised that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded" but "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. at 1967. "The ultimate question," the Fifth Circuit has emphasized, "is the voluntariness of the plea; thus, '[e]ven where counsel has rendered totally ineffective assistance

10

to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary." United States v. Diaz, 733 F.2d 371, 376 (5th Cir. 1984).

As the Fifth Circuit has stated, the ultimate question is whether the plea agreement was voluntary even in instances where counsel was ineffective. Diaz, 733 F.2d at 376. Here, Stephens has not presented any evidence that his plea agreement was not voluntary. Pertaining to Ground 2, Stephens states that his attorney gave him no other choice but to affirm the factual basis in its original form, including the 12 grams of meth. But Stephens himself signed the factual basis and was presented with an opportunity to speak to the Court or the Assistant United States Attorney during the plea hearing; he did not indicate that he had reservations regarding signing the factual basis or affirming its contents. Even assuming Stephens's counsel was deficient for failing to object, Stephens fails to show that the result of his sentence would have been any different. As the government correctly points out, Stephens's offense level would have been the same regardless of the informant's testimony. Stephens himself admitted to twice selling more than 5 grams of meth. Perhaps more to the point, even if Stephens did not affirm the factual basis, the government is correct in stating that the Court likely would have

considered that quantity while sentencing. See United States v. Barfield, 941 F.3d 757, 762 (5th Cir. 2019).

Pertaining to Ground 4, counsel's advice that Stephens could face life in prison if he went to trial and lost was correct. Moreover, Stephens stated that he understood the potential maximum sentences he could face if he plead guilty. Additionally, Stephens acknowledged that discussions with his attorney about his sentence were merely estimates and that the Court is not bound by those discussions. And, after the PSR was issued, the defendant did not move to withdraw his guilty plea or inform the Court that he had been coerced into pleading guilty; rather, he indicated that he was "ready to be sentenced" and that he took full responsibility for his actions.

### 3. Pre-Trial Motions or Entrapment Defense

Stephens claims that his counsel failed to file pretrial motions and failed to "set up an entrapment defense." But "[t]he filing of pre-trial motions 'falls squarely within the ambit of trial strategy.'" Schwander v. Balckburn, 750 F.2d 494, 500 (5th Cir. 1985)(quoting Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984). A defendant seeking to prove ineffective assistance of counsel in the context of pre-trial proceedings must overcome the strong presumption that his attorney's decisions were strategic. Id.; see also Strickland, 466 U.S. at 689. "A court . . .must judge

12

the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct." Strickland, 266 U.S. at 690. Strategic choices made in light of relevant law and circumstances of a case are "virtually unchallengeable" and a court should be deferential to counsel's judgements. Id. at 691. A defendant must also show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Stephens challenges three aspects of his attorney's strategy. First, Stephens argues that his attorney failed to file a motion to suppress evidence. Stephens argues that there was insufficient evidence presented to corroborate an informant's testimony that he sold 12 grams of meth and -- if that testimony was suppressed -- his offense level would be unsubstantiated. Even assuming Stephens's counsel was deficient for failing to file a motion to suppress evidence, Stephens fails to show that the result of his sentence would have been different. As the government correctly points out, Stephens's offense level would have been the same regardless of the informant's testimony. Stephens himself admitted to twice selling more than 5 grams of meth. Even if Stephens did not affirm the factual basis, the government is correct in stating that the Court likely would have considered that quantity for

sentencing purposes. See United States v. Barfield, 941 F.3d 757, 762 (5th Cir. 2019).

Second, Stephens argues that his attorney should have filed a motion to dismiss the § 942(c) count. Stephens argues that he was not in possession of a firearm because it was in a "hidden compartment" and the car was not registered to him. Similar to the issue previously discussed, Stephens again fails to show that the result of his sentence would have been any different had his attorney filed this motion to dismiss. Stephens signed and affirmed the accuracy of the factual basis. The factual basis includes informant testimony stating Stephens was in possession of a firearm during a controlled purchase of meth. Additionally, a cooperating witness also observed Stephens in possession of a firearm while distributing meth. Stephens fails to show how a motion to dismiss the firearm count would have been successful.

Third, Stephens argues that his attorney failed to establish an entrapment defense. Stephens argues that law enforcement officers set up a distribution of a larger quantity of meth in order to charge him with a more serious crime. Stephens fails to support this allegation of entrapment with any facts, much less evidence. An entrapment defense is typically an affirmative defense presented at trial unless evidence of entrapment is so overwhelming. Goss v. United States, 376 F.2d 812, 813 (5th Cir.

1967). As such, an entrapment defense is not susceptible to pretrial motion practice or disposition unless there is overwhelming evidence of entrapment presented pre-trial. Id.; United States v. Yater, 756 F.2d 1058, 1063 (5th Cir. 1985). As Stephens fails to include any facts or evidence that would support an overwhelming argument that entrapment occurred, Stephens fails to show that it could be susceptible to pre-trial resolution. Therefore, Stephens fails to meet his burden under Strickland regarding Ground 3.

Having failed to establish deficiency or prejudice under Strickland for any ground asserted, Stephens's ineffective assistance of counsel claims must be denied.

III.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree

15

that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Because Stephens's motion to vacate fails to establish a cognizable claim of ineffective assistance of counsel under Strickland, Stephens has not made a substantial showing of the denial of a constitutional right.

***

Accordingly, for the foregoing reasons, IT IS ORDERED: that Garret Stephens's motion to vacate, set aside, or correct sentence is DENIED, and his habeas petition is dismissed with prejudice. IT IS FURTHER ORDERED: that the Court shall not issue a certificate of appealability.[6]

New Orleans, Louisiana, March 17, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] Insofar as Stephens requests appointment of counsel, the request is DENIED.

16